IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VELETTA EVET BRISTOL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:16cv521-SRW |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**[2]

Plaintiff Valetta Evet Bristol commenced this action on June 28, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her application for Supplemental Security Income. *See* Doc. 1; Doc. 11 at 1. Plaintiff alleged disability as of June 23, 2011, due to a back injury, leg swelling, arthritis, depression, iron deficiency, and obesity. *See* R. 33, 232, 258. On October 21, 2014, Administrative Law Judge Linda J. Helm ("the ALJ") issued an adverse decision after holding a hearing on the plaintiff's application.[3] *See* R. 33-47. The Appeals Council denied

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is **DIRECTED** to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* R. 33.

1

plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 1-6.

In the instant appeal, the plaintiff asks that the court reverse the Commissioner's adverse decision and award benefits or, in the alternative, remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 11 at 11. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 16; Doc. 17. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded for additional proceedings.

In addition, the plaintiff moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 11 at 11. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the plaintiff also requests an extension of time to file a motion for attorney's fees under 42 U.S.C. § 406(b). *Id*. These motions will be denied without prejudice. Plaintiff may refile renewed motions after the entry of final judgment in this case.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v.*

*Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical,

physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

4

# DISCUSSION

The ALJ found that the plaintiff suffers from the severe impairments of obesity, degenerative disc disease, degenerative joint disease in the bilateral knees, major depressive disorder, and generalized anxiety disorder. *See* R. 35. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meet or medically equal a listed impairment. *See* R. at 36-38. As she must, the ALJ considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *See id*.

The ALJ made the following RFC determination:

[T]he claimant has the [RFC] to perform sedentary work as defined in 20 CFR 416.967(a) except she can walk no more than thirty minutes at one time and no more than two or three hours in an eight-hour workday; would need to alternate sitting and standing about every thirty minutes to one hour at a time throughout the eight-hour workday with usual breaks but would not need to leave the workstation; can frequently reach overhead, perform other reaching, and push and pull with the upper extremities; can occasionally operate foot controls, balance, bend stoop, and crouch; cannot climb stairs and ramps, kneel, crawl, work at unprotected heights or around dangerous equipment, and climb ladders, scaffolds, and ropes; would need to avoid tasks involving a variety of instructions or tasks but is able to understand to carry out simple one- or two-step instructions and understand to carry out "detailed but uninvolved" written or oral instructions involving a few concrete variables in or from standardized situations; cannot walk in crowds; and can have occasional and superficial contact with the public.

R. at 38. At step four, the ALJ found that the plaintiff cannot perform her past relevant work as a kitchen helper, bus driver, or hair stylist. *See* R. at 45. At step five, relying, in part, on the testimony of a vocational expert ("VE"), the ALJ concluded that "[c]onsidering the [plaintiff's] age, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." *Id*.

The ALJ's findings resulted in a determination that the plaintiff "has not been under a disability … since January 8, 2013, the date the application was filed[.]" R. at 46.

The plaintiff raises two arguments in support of this appeal: (1) the ALJ erred at step five by failing to pose a "complete hypothetical question" to the VE because the ALJ did not consider the medical source opinion of the state agency examiner, Dr. Robert Estock, M.D., in accordance with applicable legal standards; and (2) the ALJ did not "properly consider" the plaintiff's financial circumstances as a reason for her failure to seek treatment for her medical or psychiatric conditions. Doc. 11 at 3. Because the plaintiff's first argument warrants remand to the Commissioner for additional proceedings, the court does not reach the plaintiff's second contention.

**I.     Dr. Estock's Opinions**

The plaintiff's argument with respect to the ALJ's assessment of Dr. Estock's medical source opinions closely tracks this court's holding in *Johnson v. Colvin*, 2016 WL 375062 (M.D. Ala. Jan. 29, 2016) (Walker, J.), which the plaintiff cites in support of his assertion that remand for additional proceedings is merited because the ALJ did not adhere to SSR 96-6p. Doc. 11 at 7-8 (citing and quoting *Johnson*).

In *Johnson*, the plaintiff contended that the ALJ "failed to consider the mental RFC opinion of Dr. Estock … who concluded that the plaintiff was more limited than assessed by the ALJ." 2016 WL 375062, at *3. The court summarized the relevant legal principles as follows:

> Social Security Ruling 96-6p provides that "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's

> impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review." SSR 96-6p, 1996 WL 374180, * 1 (July 2, 1996). It further provides that, while ALJs are not bound by the findings of state agency physicians, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions" and that "RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s)." (*Id.* at **1, 4). Additionally, if an ALJ's RFC assessment "conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, *7 (July 2, 1996).

*Johnson*, 2016 WL 375062, at *3. The court found that, although "[t]he Commissioner offers *post hoc* explanations of how the evidence supports rejecting Dr. Estock's expert opinion ... [and] contends that the ALJ's alleged error in failing to explicitly discount Dr. Estock's opinion is harmless and not a basis for remand," the court could "not discern from the ALJ's written decisions his reasons for rejecting the additional mental limitations assessed by Dr. Estock." *Id.* at *4. The case was remanded to the Commissioner for further proceedings, and the court noted that the ALJ's hypothetical question to the VE did not include all of Dr. Estock's limitations; "[t]hus, the ALJ's hypothetical question to the VE does not support a conclusion of harmless error." *Id.* at *4 & n. 11. The plaintiff maintains that the ALJ erred in this case in the same manner that warranted remand in *Johnson*. The court agrees.

In the instant case, the ALJ stated the following with respect to Dr. Estock's medical source opinion evidence:

> On March 7, 2013, [Dr. Estock] opined that the claimant would have difficulty occasionally remembering detailed, multi-step tasks and problems carrying out complex, detailed instructions but no difficulty with simple

> work procedures or carrying out simple instructions. He further opined that she should be able to maintain attention for two hours on simple tasks, despite problems maintaining concentration and attention at times. He recommended that she work in a well-spaced work environment and only occasionally handle tasks requiring coordinated effort with co-workers. He predicted the claimant would likely miss 1-2 days per month dealing with mental health symptoms. (Exhibit D4A). Dr. Estock's estimation of the claimant's number of absences per month has been given little weight because it is not consistent with the claimant's mental health treatment, which has been limited to medication management from her primary care provider. Her medication has focused on her sleeping issues. She has not received counseling or therapy. Thus, the medical record does not support a finding that she could not maintain a regular schedule if she complied with effective treatment.

R. 42-43.

The Commissioner asserts that the "ALJ considered Dr. Estock's opinion and ultimately declined to adopt all of the limitations he assessed." Doc. 14 at 4. The Commissioner acknowledges plaintiff's assertion that the ALJ only assigned weight and made findings as to Dr. Estock's opinion on the number of absences plaintiff would have per month, and argues that "the ALJ's rationale holds for the other limitations that she declined to adopt from Dr. Estock's assessment[.]" *Id.* In other words, there is a material point of contention between the parties as to whether the ALJ considered the entirety of Dr. Estock's opinion evidence; the plaintiff maintains that the ALJ ignored portions of Dr. Estock's evidence and the Commissioner argues that the ALJ implicitly considered Dr. Estock's evidence. As discussed *supra*, an ALJ's written decision must be developed sufficiently such that a reviewing court can determine if substantial evidence supports the ALJ's determinations and whether proper legal standards were employed. *See Cornelius*, 936 F.2d at 1145-46; *Bloodsworth*, 703 F.2d at 1239. Here, in order to find in the Commissioner's favor, the court would have to draw inferences from the ALJ's silence.

This lies outside the court's limited authority. As in *Johnson*, the ALJ did not set out any basis for failing to consider or assign weight to the entirety of Dr. Estock's medical source evidence. The court agrees with the plaintiff that a plain reading of the ALJ's written decision requires the conclusion that she made determinations and assigned weight only as to Dr. Estock's opinion evidence regarding the number of absences the plaintiff would have per month.

The only explanation of record for the ALJ's assessment or lack thereof of Dr. Estock's additional findings is found in the Commissioner's *post hoc* arguments. *See* Doc. 14. For example, the Commissioner maintains that the ALJ "considered" Dr. Estock's findings that the plaintiff requires "infrequent and gradually introduced workplace changes" by including RFC restrictions that plaintiff "'avoid tasks involving a variety of instructions,' to carry out 'detailed but uninvolved' instructions involving a few concrete variables in standardized situations,' and to 'avoid tasks involving a variety of instructions or tasks[.]'" Doc. 14 at 6 (quoting R. 38, 85). The Commissioner also argues that the ALJ "considered Dr. Estock's statement that [p]laintiff would 'work best in a well-spaced environment'" by including "a limitation that [p]laintiff 'cannot work in crowds.'" *Id.*

However, there is no express basis in the ALJ's written decision to support a finding by the court that the ALJ "considered" Dr. Estock's opinion evidence or assigned it any weight whatsoever in formulating the RFC or reaching the disability determination. The Commissioner's argument otherwise is conjecture, and it invites the court to engage in speculation. The court cannot infer meaning from the ALJ's decision that is not expressed therein because, in this instance, the court would have to assume that the ALJ applied

correct legal standards – *i.e.*, that the ALJ implicitly adhered to SSR 96-6p. The court is prohibited from making such an assumption because, as discussed *supra*, no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *See Davis*, 985 F.2d at 531 (11th Cir. 1993).

Moreover, the ALJ's omissions are not harmless error. For example, Dr. Estock found that the plaintiff "will only be able to handle casual and infrequent contact with … co-workers" and the she "will only be able to handle occasional tasks that require coordinated effort with co-workers." R. 144. The ALJ acknowledges Dr. Estock's finding that the plaintiff is limited to "occasional tasks" in coordination with co-workers, R. 42, but the ALJ does not assign any weight to this evidence, and the RFC contains no limitations with respect to the plaintiff's interaction with co-workers. The impact on the RFC or the disability determination of Dr. Estock's findings on this issue is a determination that is reserved for the ALJ in the first instance, and it is dependent on the weight the ALJ assigns to Dr. Estock's findings.

For the reasons discussed, *Johnson* is analogous to the instant case in that the ALJ did not assess Dr. Estock's medical source evidence under proper legal standards, specifically SSR 96-6p. Thus, because the ALJ did not apply proper legal standards, the court must remand this matter for additional proceedings.[4] *See Cornelius*, 936 F.2d 1143, 1145-46 (a district court must reverse when correct legal standards were not applied by the

---

[4] Because the court finds that the ALJ did not apply correct legal standards pursuant to SSR 96-6p as to Dr. Estock's medical source evidence, the court does not reach the merits of plaintiff's argument that the ALJ posed an incomplete hypothetical to the VE.

Commissioner); *see also Brooks v. Berryhill*, 2017 WL 4366725, at *4 (M.D. Ala. Sept. 29, 2017) (remanding to the Commissioner for additional proceedings because the ALJ did not apply correct legal standards).

## CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. The court does not reach plaintiff's arguments that are not expressly discussed herein. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand as well, and will develop the record as is necessary in areas not expressly considered in this opinion.

In addition, it is hereby

**ORDERED** that the plaintiff's motion for an award of EAJA fees and motion for an extension of time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are **DENIED** without prejudice. *See* Doc. 11 at 11. Plaintiff may file such motions in a timely manner after the entry of judgment.

Done, on this the 28th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge